UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOYD RHODUS, individually and on behalf of others similarly situated** : : : : | |
| **Plaintiff** : : | **Civil Action No.:** |
| **v.** : : | |
| **MILESTONE PROJECT SERVICES, LLC** : : | |
| **Defendant** : : | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Loyd Rhodus, individually and on behalf of all others similarly situated current and former hourly employees of Defendant, Milestone Project Services, LLC, brings this action for unpaid overtime, liquidated damages, attorneys' fees and all other available relief for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA").

### I. INTRODUCTION

1. Plaintiff was employed by Defendant as an hourly worker. Plaintiff consistently worked over forty (40) hours in a workweek and was paid straight time for all overtime hours. Plaintiff brings this claim to recover unpaid overtime compensation under §216(b) of the FLSA as a collective action individually and on behalf of all current or former hourly workers employed by Defendant within the last three (3) years who were not paid overtime at one- and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek (the "FLSA Collective").

## II. JURISDICTION AND VENUE

2. This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b) as Plaintiff's claims arise under the FLSA, 29 U.S.C. §201, *et seq*. Additionally, this Court has personal jurisdiction over Defendant, as Defendant is domiciled and conducts business in the Eastern District of Louisiana.

3. Venue is proper in this District under 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to the claims sued upon herein occurred within this District.

## III. THE PARTIES

**Plaintiff**

4. Plaintiff Loyd Rhodus is a major individual, domiciled in West Feliciana Parish, State of Louisiana. Plaintiff worked for Defendant as an hourly employee from approximately March 1, 2022 to October, 13, 2023.

5. Pursuant to 29 U.S.C. § 216(b), Plaintiff consents in writing to be a party to this proceeding. (Exhibit A).

6. As this case proceeds it is likely other individuals will file consent forms to join as opt-in plaintiffs.

**Defendant**

7. Defendant, Milestone Project Services, LLC, is a domestic limited liability company domiciled at 1100 West Causeway Approach, Mandeville, Louisiana 70471, and may be served through its registered agent, Adam C. Rogge at the same address.

## IV. COVERAGE UNDER THE FLSA

8. At all pertinent times, Defendant was and is an employer of Plaintiff and the FLSA Collective within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

9. At all pertinent times, Defendant was and is an enterprise within the meaning of §3(r) of the FLSA, 29 U.S.C. §203(r).

10. At all pertinent times, Defendant was and is engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1), in that Defendant has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than five hundred thousand ($500,000.00) dollars (exclusive of excise taxes at the retail level which are separately stated).

11. At all pertinent times, Plaintiff and the FLSA Collective were engaged in commerce or in the production of goods for commerce by virtue of 29 U.S.C. §§206-207.

12. Defendant, Plaintiff and the FLSA Collective traveled outside the state of Louisiana for work, used cell phones, computers, and other equipment that were manufactured in or purchased and shipped from states other than Louisiana in the course of their work. Further, Defendant accepted checks, credit cards, electronic payments and processed other transactions from customers through interstate banks and financial institutions and provided its employees with paychecks by electronic deposit, all of which constitutes interstate commerce.

### V. FACTS

13. According to its website, Defendant provides a variety of services, including project planning, execution management, 3D laser scanning, and inspection services to the oil, gas and chemical industry. (See www.milestone-ps.com, last visited October 17, 2023).

14. Defendant employs workers to perform the above-described services who, like Plaintiff and the FLSA Collective, were and are paid by the hour.

15. Plaintiff was initially paid $65.00 per hour and received raises over the course of his employment to $95.00 per hour.

16. Plaintiff was not paid a salary or any guaranteed amount other than his hourly wage.

17. Neither Plaintiff or the FLSA Collective performed any duties or were paid in any manner that qualified for an overtime exemption under the FLSA.

18. Plaintiff and the FLSA Collective were all FLSA non-exempt hourly employees who were eligible for and entitled to overtime pay.

19. Plaintiff was often required to work over fifty (50) hours in a workweek, but was not paid an overtime premium for hours worked over forty (40).

20. During the pay period of August 18, 2023 through September 1, 2023, Plaintiff worked 172 hours and was paid straight time for all hours worked.

21. During the pay period of September 1, 2023 through September 15, 2023, Plaintiff worked 148 hours and was paid straight time for all hours worked.

22. Plaintiff is aware from his own personal knowledge that other FLSA Collective members worked more than forty (40) hours in a workweek and were not paid an overtime premium.

23. Plaintiff and the FLSA Collective were paid straight time for all overtime hours worked.

24. Plaintiff and the FLSA Collective were not compensated in accordance with the FLSA, 29 U.S.C. §207, because they were not paid overtime at an hourly rate of one hundred fifty percent (150%) of their regular rate of pay for all hours worked over forty (40) in a workweek.

25. Defendant knowingly, willfully, or in reckless disregard of the law maintained, an illegal practice of failing to pay Plaintiff and the FLSA Collective overtime compensation for all hours worked over forty (40) in a workweek.

## VI. **COLLECTIVE ALLEGATIONS**

26. Plaintiff and the FLSA Collective were all paid by the hour and do not qualify for any exemption from the overtime requirements of the FLSA.

27. Plaintiff and the FLSA Collective were all subject to the same payroll practice of not being compensated at time-and-one half for all hours worked in excess of forty (40) hours in a workweek. The FLSA Collective is owed overtime wages for the same reasons as Plaintiff.

28. Defendant's failure to pay overtime to Plaintiff and the FLSA Collective for all hours worked over forty (40) hours in a workweek, as required by the FLSA, was the result of a uniform policy or practice applicable to the FLSA Collective.

29. Application of this policy and practice does not depend on the personal circumstances of Plaintiff or any FLSA Collective member. Rather, the same policy or practice of failing to pay overtime to Plaintiff and the FLSA Collective, in violation of the FLSA, that resulted in the non-payment of overtime to Plaintiff applies to the FLSA Collective equally.

30. Accordingly, the FLSA Collective is defined as:

> All hourly employees of Milestone Project Services, LLC within the last three (3) years who were not paid an overtime premium of one hundred fifty percent (150%) of their regular rate of pay for all hours worked in excess of forty (40) in any workweek.

## VII. **VIOLATIONS OF THE FLSA**

31. Plaintiff and the FLSA Collective are/were entitled to be paid one- and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

32. During their employment by Defendant, Plaintiff and the FLSA Collective regularly worked more than forty (40) hours in a workweek and were not paid one- and one-half times their regular rate of pay, including any non-discretionary incentive pay or bonuses, for all hours worked in excess of forty (40) in a workweek.

33. Defendant knowingly, willfully or with reckless disregard carried out this illegal pattern or practice of failing to pay overtime compensation by paying straight time for overtime to Plaintiff and the FLSA Collective.

34. Defendant did not act in good faith or in reliance upon any of the following in formulating its pay practice: (a) case law; (b) the FLSA 29 U.S.C. §201 *et seq*.; (c) any department of labor wage and hour opinion letters; or (d) the Code of Federal Regulations.

35. Defendant's violation of the FLSA was and is willful and Plaintiff and the FLSA Collective are entitled to liquidated damages.

36. Plaintiff and the FLSA Collective are entitled to unpaid overtime, liquidated damages, attorneys' fees and costs under the FLSA.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually and on behalf of the proposed FLSA Collective, prays for relief as follows:

a. For an Order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Collective;

b. For a judgment awarding Plaintiff and the FLSA Collective unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

c. For an award of pre- and post-judgment interest on all amounts awarded at the highest rate allowed by law; and

d. All such other and further relief to which Plaintiff and the FLSA Collective may be entitled.

## JURY DEMAND

Plaintiff demands trial by jury on all issues as to all parties.

Respectfully submitted,

*/s/ Philip Bohrer*
Philip Bohrer
phil@bohrerbrady.com
Scott E. Brady
scott@bohrerbrady.com
**BOHRER BRADY LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000