## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LOYD RHODUS, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                 **NO. 23-6451**

**MILESTONE PROJECT SERVICES,**            **SECTION "O"**
**LLC**

### ORDER & REASONS

Before the Court is an unopposed motion,[1] filed by Plaintiff Loyd Rhodus and

opt-in Plaintiffs Robert Matherne and Ronald Beams (collectively, "Plaintiffs"), to

approve the settlement of this Fair Labor Standards Act ("FLSA") collective action

against Defendant Milestone Project Services, LLC, and to dismiss claims with

prejudice. For the following reasons, Plaintiffs' motion to approve the settlement

agreement is **GRANTED**.

## I.    BACKGROUND

Plaintiffs are former hourly employees of Defendant Milestone Project

Services, LLC.[2] They allege that Defendant violated the FLSA, 29 U.S.C. Section 201,

*et seq.*, by failing to pay them and other similarly situated employees the proper

overtime compensation.[3] On October 23, 2023, Loyd Rhodus, on behalf of himself and

others similarly situated, filed a complaint against Defendant alleging that he

consistently worked over forty (40) hours in a workweek and was not paid an overtime

rate for those hours.[4] Robert Matherne opted in[5] to this proceeding on October 23,

---

[1] ECF No. 16
[2] ECF No. 1.
[3] *Id.*
[4] *Id.*
[5] ECF No. 2.

2023, and Ronald Beams opted in[6] on December 13, 2023. The parties began discussing settlement on or about January 22, 2024 and successfully negotiated a confidential settlement soon thereafter.[7] Because this case arises under the FLSA, this Court must approve the fairness of the settlement. *See Stephens v. Take Paws Rescue*, No. CV 21-1603, 2022 WL 1027116, at *1 (E.D. La. Apr. 6, 2022); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Accordingly, Plaintiffs request that the Court approve their settlement and dismiss all claims with prejudice.

## II.   LEGAL STANDARD

"When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353. "To pass muster, a settlement agreement must be both (1) the product of a bona fide dispute and (2) fair and reasonable." *Bell v. Associated Wholesale Grocers Inc.*, 2020 WL 1862297, at *1 (E.D. La. Apr. 14, 2020) (citing *Lynn's Food Stores*, 679 F.2d at 1353, and *Domingue v. Sun Elec. & Instrumentation, Inc.*, 2010 WL 1688793, at *1 (E.D. La. Apr. 26, 2010)). This Court analyzes the fairness of the settlement agreement accordingly.

---

[6] ECF No. 8.
[7] ECF No. 16.

2

### III. ANALYSIS

Although the parties had not yet engaged in motions practice or extensive discovery, the Court agrees with the parties that (1) this case presents a bona fide wage dispute and (2) the settlement agreement is fair and reasonable.

### A. The Settlement is the Product of a Bona Fide Dispute.

"In determining whether a bona fide dispute exists, the court must look for a genuine dispute as to the defendants' liability under the FLSA." *Bancroft v. 217 Bourbon, LLC*, No. CV 21-545, 2022 WL 19762998, at *1 (E.D. La. Apr. 12, 2022) (internal quotations omitted). "This is because the provisions of the FLSA are mandatory, and not subject to negotiation and bargaining between employers and employees." *Id.* "The [C]ourt should ensure that the settlement does not allow the employer to negotiate around the FLSA's mandatory requirements." *Id.* Thus, "some doubt must exist that the plaintiffs would succeed on the merits through litigation of their claims." *Collins v. Sanderson Farms, Inc.,* 568 F. Supp. 2d 714, 719–720 (E.D. La. July 9, 2008).

The Court finds that there is a bona fide dispute between the parties as to whether Defendants violated the FLSA. The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Here, Plaintiffs argue that they worked over forty

hours in a workweek and did not receive overtime pay as required by the FLSA.[8] Conversely, Defendant disputed these allegations and raised several affirmative defenses, including that Plaintiff did not work all of the hours alleged and Plaintiffs were exempt from overtime as "Highly Compensated Employees."[9] An "aggressive prosecution and strenuous defense" will lead the Court to find that a bona fide dispute exists. *Koviach v. Crescent City Consulting, LLC*, 2017 WL 4351509, at *2 (E.D. La. Oct. 2, 2017) (internal quotation omitted); *see also Hohensee v. Divine Miracles, Inc.*, 2018 WL 6198370, at *2 (E.D. La. Nov. 14, 2018) (finding a bona fide dispute where plaintiff and defendants disputed whether plaintiff was properly paid both regular and overtime compensation and whether defendants kept accurate records). Here, the parties disputed Defendant's liability under the FLSA as to the hours Plaintiffs worked and the compensation owed to Plaintiffs. Defendant is not attempting to negotiate around the FLSA requirements. Thus, the Court finds that the settlement is the product of a bona fide dispute in this case.

**B. The Settlement is Fair and Reasonable.**

Next, in evaluating whether a settlement is fair and reasonable, the Court must consider the following six factors outlined *Reed v. General Motors Corp.*: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives

---

[8] ECF No. 16-1 at 5.
[9] ECF No. 16-1 at 5–6.

and absent class members." 703 F.2d 170, 172 (5th Cir. 1983) (citing *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982)). "When considering these factors, the [C]ourt should keep in mind the 'strong presumption' in favor of finding a settlement fair." *Diaz v. USA Pro. Lab., LLC*, 2021 WL 928031, at *2 (E.D. La. Mar. 11, 2021) (citing *Domingue*, 2010 WL 1688793, at *1). After considering these factors in the instant case, the Court finds that the settlement agreement is fair and reasonable. The Court takes each factor in turn.

### a. The existence of fraud or collusion behind the settlement

"The Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." *Collins*, 568 F. Supp. 2d at 718. Here, the Court finds no suggestions of fraud or collusion behind the settlement. The parties represent that the settlement is the product of arm's-length negotiations, there is no evidence of fraud or collusion, and that the settlement is fair and reasonable.[10]

### b. The complexity, expense, and likely duration of the litigation

The second factor also weighs in favor of approving the settlement. Although the parties reached a settlement before a scheduling order was set in this case, the parties claim that the matter "could drag on for years and require the expenditure of a tremendous amount of resources."[11] The Court finds that the settlement provides relief to Plaintiffs and a resolution for the parties much sooner than continued litigation would. *See Ayers v. Thompson*, 358 F.3d 356, 369 (5th Cir. 2004).

---

[10] ECF No. 16-1 at 7–8.
[11] *Id.* at 8.

### c. **The stage of the proceedings and the amount of discovery completed**

The Court next considers how much discovery has been completed, because "extensive discovery [by the parties indicates] a good understanding of the strengths and weaknesses of their respective cases and hence that the settlement's value is based upon such adequate information." *Black v. DMNO, LLC*, Civ. A. No. 16-2708, 2018 WL 4076330, at *3 (E.D. La. Aug. 27, 2018) (internal quotations omitted). Discovery progress also "demonstrates that the parties have litigated the case in an adversarial manner and . . . therefore . . . [the] settlement is not collusive but arms-length." *Id*.

Here, the parties settled this case before extensive discovery and motions practice had commenced. However, the parties claim they have conducted informal discovery, including production of personnel, work time, and payroll records.[12] The parties assert that, as a result, Plaintiffs have "sufficient information upon which to assess the potential merits of their claims, liability, and risks of proceeding to trial or arbitration."[13] The parties further claim that the settlement compensates Plaintiffs for all of their unpaid overtime and substantial liquidated damages, "avoiding the risk, expense, and delay of continued litigation or arbitration."[14] Thus, the Court finds that this factor also weighs in favor of approving the settlement.

---

[12] *Id*. at 2, 8.
[13] *Id*. at 8.
[14] *Id*.

### d.  The Probability of Plaintiffs' Success on the Merits

Turning to the fourth factor, the Court finds the probability of Plaintiffs' success on the merits to be uncertain. Although Plaintiffs believe they have strong claims, they have contemplated their likelihood of success relative to Defendant's "legitimate arguments."[15] Plaintiffs recognize that they have the burden of proving their claims at trial and have considered that burden in light of the inherent risks of litigation, including the value of attorneys' fees and costs.[16]

### e.  The Range of Possible Recovery

The parties have not provided the Court with specific information on the range of possible recovery for the Plaintiffs. Still, the parties represent that after the payment of attorney fees and costs, the settlement provides Plaintiff with full and complete unpaid overtime and approximately fifty percent of possible liquidated damages.[17] They note that this settlement is based on each Plaintiff's actual overtime rate of pay and the hours worked during their employment, as reflected by Defendant's payroll records.[18] The parties also claim that Plaintiffs were not guaranteed recovery of liquidated damages because Defendant asserted a good faith defense.[19] Ultimately, without any specific information about the range of possible recovery, the Court finds this factor neutral.

---

[15] ECF No. 16-1 at 9.
[16] *Id.*
[17] ECF No. 16-1 at 1–2.
[18] ECF No. 16-1 at 9–10.
[19] *Id.*

### f. The Opinions of Class Counsel, Class Representatives, and Absent Class Members

As to the sixth factor, "[t]he Court is entitled to rely on the judgment of experienced counsel in its evaluation of the merits of a class action settlement." *Liger v. New Orleans Hornets NBA Ltd. P'ship*, No. CIV.A. 05-1969, 2009 WL 2856246, at *4 (E.D. La. Aug. 28, 2009) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)). Both parties are represented by experienced counsel in this matter.[20] Each Plaintiff has been advised of the settlement details, including their individual settlement amounts.[21] And all Plaintiffs have agreed to accept the settlement terms and have executed the settlement agreement.[22] Accordingly, the Court finds that the last factor weighs in favor of approving the settlement as fair and reasonable.

### C. Attorney's Fees

As part of its fairness determination, the Court must evaluate whether the proposed attorney's fees in this case are reasonable. *Collins*, 568 F. Supp. 2d at 728 (citing *Strong v. BellSouth Telecomms., Inc.,* 137 F.3d 844, 849–50 (5th Cir.1998)). Lodestar is the method traditionally applied by the Fifth Circuit in determining the reasonableness of attorney's fees. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). However, "[c]ourts have endorsed the practice of using the other method of determining reasonableness of fees in class actions, percentage of recovery, to double check the fee." *Collins,* 568 F.Supp. 2d at 729.

---

[20] ECF No. 16-1 at 10.
[21] *Id.*
[22] ECF No. 16-2 at 11–13.

8

The instant case involves a contingent fee agreement based on a percentage of the settlement; the parties are not seeking to award attorneys' fees to a prevailing party under the FLSA nor have the parties agreed to fees based on lodestar.[23] Here, each Plaintiff executed a contingency fee agreement providing for a thirty-five (35%) fee.[24] In the proposed settlement agreement, Plaintiffs' counsel seeks twenty-eight (28%) of the total settlement amount as attorney's fees.[25] Defendant has agreed to pay fees on this basis.[26] Other courts have found fees in this range to be reasonable. *See Sierra v. E.M.S.P., LLC*, No. CIV.A. 15-0179, 2015 WL 5823293, at *5 (E.D. La. Oct. 6, 2015) (holding that "[although] a 33.5% fee is on the higher end of approved contingency fees, it [] falls within the range of past-approved fees, in addition to being acceptable under the lodestar method."); *Altier v. Worley Catastrophe Response, LLC*, No. CIV.A. 11-241, 2012 WL 161824, at *25 (E.D. La. Jan. 18, 2012) (finding that "attorney's fees in the amount of 25[%] of the settlement amount is fair and reasonable as a cross-check of the lodestar amount"); *In re Harrah's Ent., Inc.*, No. CIV. A. 95-3925, 1998 WL 832574, at *4 (E.D. La. Nov. 25, 1998) (noting that it is not unusual for district courts in the Fifth Circuit to award percentages of approximately one third). Thus, the Court finds that 28% is a reasonable percentage of the settlement. In addition to this fee, the Court grants the request by Plaintiffs' counsel

---

[23] ECF No. 16-1 at 10–11.
[24] *Id.* at 10.
[25] *Id.* at 10–11.
[26] *Id.* at 11.

for \$552 in filing fees and service costs as a part of the settlement.[27] There is no objection to awarding these costs.

## IV.   CONCLUSION

Based on the foregoing reasons, the Court finds that this settlement agreement is both (1) the product of a bona fide dispute and (2) fair and reasonable.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion[28] to approve the settlement agreement is **GRANTED** and the settlement is **APPROVED**.

**IT IS FURTHER ORDERED** that all claims in the above-captioned matter are **DISMISSED** with prejudice, with each party bearing their own respective costs and fees, except as provided in the settlement agreement.

New Orleans, Louisiana, this 2nd day of July, 2024.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[27] *Id.* at 12.
[28] ECF No. 16.